CHARLES D. CARPENTER v. JOHN GREENOP, IMPLEADED WITH ROBERT A. LAVERY.

[See 74 Mich. 664].

*Partnership—Bills and notes—Good-faith holder—Evidence.*

One partner gave the firm note payable to his order, and transferred it after maturity and a few days prior to the dissolution of the firm. The transferee paid to the other partner soon after the alleged purchase sums of money largely in excess of the amount due on the note, and two and a half years after-

wards brought suit on the note, claiming to be a *bona fide* purchaser. On the trial the partner who made the note testified that it was given for money loaned the firm with the consent of his co-partner, who denied its execution, and defended on the theory that no such loan was made, but that the note was a fraud upon him, and that the plaintiff was not a *bona fide* holder as against such partner, but that he had conspired with the other partner to procure the execution of the note to protect himself against indorsements he had made for him. And it is held that it was competent to inquire of the plaintiff on his cross-examination, as bearing upon the question of whether he in *fact* held the note at the time of making such payments, as he claimed to have done, and upon the further question of whether it was a *bona fide* note, and believed by him to be such, whether he had ever asked the partner making such defense for the money sued for.

Error to Mecosta. (Palmer, J.) Argued October 17, 1890. Decided December 24, 1890.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Dumon & Cogger* and *M. Brown,* for appellant.

*D. F. Glidden* and *F. A. Mann,* for plaintiff.

CAHILL, J. This case was before this Court at the April term, 1889, and is reported in 74 Mich. 664. At that time the only question raised was as to whether the plaintiff, as the holder of a note made by one of two partners in the partnership name, could maintain an action at law upon such note. None of the questions raised upon this record were then involved.

The plaintiff claims to have purchased in good faith, but after maturity, a note of John Greenop & Co., payable to the order of Robert A. Lavery, and indorsed by Lavery. Lavery was a member of the firm of John Greenop & Co., and made the note. The note was dated January 21, 1883, payable in six months. It was trans-

ferred to plaintiff in August, 1884, while the firm of Greenop & Co. was still in business, and this suit was commenced in February, 1887.[1] Defendant John Greenop pleaded the general issue, and, with his plea, filed an affidavit denying the execution of the note. Defendant Lavery made no defense, but was sworn in the case as a witness for plaintiff. On the trial before the court and a jury, the plaintiff had judgment, and defendant Greenop brings error.

A large number of errors are assigned, not all of which are insisted upon here. It was the theory of the plaintiff that the note in suit was given for money loaned by Lavery to the firm on January 22, 1883. The note bears date January 21, which was Sunday, but Lavery testified that the note was made on Monday, and, if it was dated the 21st, it was a clerical error. He also testified that this money was loaned to the firm with the consent of Mr. Greenop. It was the theory of the defense that no money was loaned to the firm of Greenop & Co. by Lavery; that the note was in fact a fraud upon Mr. Greenop, and that the plaintiff conspired with Lavery to procure the execution of this note, in order to protect himself against some indorsements that he had made for Lavery; that the plaintiff was not a *bona fide* holder of the note as against Greenop. As bearing upon this theory of the defense, plaintiff was asked on cross-examination the following question:

" *Q.* Did you ever ask Mr. Greenop for this money?
" *Mr. Glidden.* That is objected to as not cross-examination."

The objection was sustained. Upon this ruling is based defendant's second assignment of error. There was that appearing on the cross-examination of the plaintiff himself which gave color to the defendant's claim that plaint-

---

[1] The firm was dissolved September 1, 1884.

iff was not a *bona fide* holder of this note, and that, for some reason best known to himself, he had neglected to call the attention of Mr. Greenop to it for several years after he claims to have bought it. If he had called Mr. Greenop's attention to it as soon as he obtained it, it being then long past due (the firm of Greenop & Co. had not at that time been dissolved), it would have been possible, perhaps, for Mr. Greenop to have protected himself in his final settlement with Lavery upon a dissolution. It appears that, a few days after plaintiff claims to have bought this note, he paid Mr. Greenop $880.59 in money, and, in October following, paid him $670.86 in money, and transferred to him $1,000 in bank-stock, in payment of a debt. During this time he claims to have held this note. As bearing upon the question of whether he did in fact hold this note, and upon the further question of whether it was a *bona fide* note, and believed by him to be such, it was competent to ask him whether he ever asked Mr. Greenop for the money. Whether he did or not would have been an important fact for the jury to consider, in passing upon the truth of his evidence, as to the manner in which he became the purchaser of it.

As bearing upon this same point, the twenty-fourth assignment of error must be sustained. The court charged the jury as follows:

"The fact that Mr. Carpenter bought this note is a conceded fact; no matter whether he paid more or less for it."

If by this the learned circuit judge meant to say that it was a conceded fact that Lavery transferred this note to Carpenter, his language would not have been objectionable; but if he intended to say to the jury that it was a conceded fact that Carpenter bought the note in the sense of being a good-faith purchaser, without any

knowledge of or participation in any fraud that may have been perpetrated by Lavery upon Greenop in making the note, that fact was not conceded, and it is only in that sense that it was material to speak of Carpenter as having bought the note at all. It is true that defendant Greenop was allowed to make any defense to the note which he could have made if it had remained in the hands of Lavery, and the jury were instructed that the plaintiff could not recover unless they were satisfied that the note was a valid one at its inception. Yet we think, under the claim made by defendant, any testimony that tended to show bad faith in the plaintiff tended also legitimately to taint the transaction from the beginning, and to support the theory of the defense that the making of the note was in the first instance without consideration, and a fraud upon Mr. Greenop.

The conduct of the plaintiff in holding this note for the length of time he claims to have held it, the payment to Mr. Greenop of the considerable amount of money that he admits paying him, and the transferring to him of valuable securities, is hardly consistent with his statement that he at that time held his note long past due. He makes no explanation of this, and, when asked whether he ever said anything to Mr. Greenop about the note, his counsel objected, and the testimony was excluded.

It will not be necessary to refer in detail to the other assignments of error relied on. It is sufficient to say generally that the other assignments of error are overruled.

For the errors pointed out, the judgment must be reversed, and a new trial granted.

CHAMPLIN, C. J., and LONG, J., concurred. MORSE and GRANT, JJ., did not sit.